THE INHABITANTS OF THE TOWNSHIP OF EATONTOWN v. THE BOARD OF ASSESSORS OF THE COUNTY OF MONMOUTH.

If there be a vacancy in the office of assessor of any city, ward or township, and for that reason the duplicate of such city, ward or township is not produced at the meeting of the county board of assessors, the board may proceed to ascertain the proportion of tax to be levied on said city, ward or township in the same manner as if the office of assessor were filled and the assessor were voluntarily absent from the meeting.

On *certiorari.*

Argued at June Term, 1888, before Justices DEPUE, VAN SYCKEL and DIXON.

For the prosecutor, *James Steen.*

For the defendant, *J. C. Conover.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up the action of the Monmouth county board of assessors in ascertaining the proportion of tax to be assessed and levied upon the township of Eatontown for the year 1887.

It appears that the assessor of Eatontown township died on the day before the meeting of the board in that year, and, consequently, the duplicate of that township was not produced at the meeting. In its absence, the board fixed the valuation of the taxable property in the township at $1,200,000, and thus ascertained its proportion of tax, and the evidence taken satisfies us that in so doing the members of the board acted "according to the best of their knowledge and information," as provided by section 9 of the Tax act of 1846 (*Rev., p.* 1142) for the case of a non-attending assessor, although they did not, with regard to the fixing of this valuation, institute "a careful, particular and thorough comparison" of dupli-

cates, as they are required to do by the supplement of 1883 (*Rev. Sup., p.* 980), before increasing the valuation contained in a duplicate which is produced before them.

The township insists that section 9 does not apply to the cases where there is a vacancy in the office of assessor, and for that reason the duplicate is not produced. But whatever doubts on this point might be suggested on a perusal of this section alone, they must be dissipated by an examination of the supplement of March 10th, 1884 (*Rev. Sup., p.* 985), which plainly contemplates that where there is a vacancy in the office of assessor of any city, ward or township, the majority of the assessors convened in the county meeting shall ascertain the proportion of tax to be assessed and levied on such city, ward or township, in the manner prescribed by section 9 aforesaid. We, therefore, think the action of the board was legal.

It is also manifest that it was not prejudicial to the township, for when the duplicate is produced it shows a valuation of $1,448,000.

The action of the board is affirmed, with costs.